## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| **BRIAN HOLLEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | **Civil Action No. 13-23-WOB** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLEN D. BROWN and** | ) | **MEMORANDUM OPINION** |
| **UNITED STATES OF AMERICA,** | ) | **AND ORDER** |
| | ) | |
| **Respondents.** | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Brian Holley is an inmate confined at the Green River Correctional Complex in Central City, Kentucky.  Proceeding without counsel, Holley has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], although at times he characterizes his request as a motion for post-judgment relief under 28 U.S.C. § 2255.  [R. 1, pp. 3, 4; R. 1-1, p. 1]

### BACKGROUND

In his petition, Holley indicates that in *United States v. Holley*, No. 2:00-cr-01-WOB (E.D. Ky. 2000) ("*Holley I*"), he pleaded guilty to conspiracy to possess with intent to distribute 11 grams of cocaine base in violation of 21 U.S.C. § 846, and was sentenced to a 60-month term of incarceration to be followed by a 48-month term of supervised release.  While Holley states that he has served more than the entirety of both this term of incarceration and this term of supervised release, [R. 1-1, pp. 1-2], he does not request any particular form of relief.  Holley has filed motions to waive payment of the filing fee, requesting that the Court appoint counsel to represent him in these proceedings, and requesting an evidentiary hearing pursuant to "Federal Rule 8."  [R. 2, 3, 4]

Holley has attached to his petition a December 6, 2010, "Supervised Release Violation

Report" prepared by the United States Probation Office in the Southern District of Ohio.  [R. 1-2]
The Report indicates that, after service of his term of incarceration, Holley reported to his probation
officer to begin service of his term of supervised release on November 6, 2003.  That release was
revoked on May 18, 2005, and Holley was ordered to serve 48 months on supervised release,
including a 6-month term in a halfway house.  See *Holley I*, R. 74 therein.  When Holley's
supervised release was revoked for a second time on September 17, 2007, he was sentenced to a 15-
month term of federal incarceration to be served consecutively to any sentence imposed by the state
courts of Kentucky or Ohio, and to be followed by an additional 24-month term of supervised
release.  [R. 1-2, p.1]  *See also Holley I*, R. 108 therein.

However, Holley failed to surrender to begin service of his new 15-month prison term.
Accordingly, on June 30, 2008, he pleaded guilty to this separate offense and received a 21-month
term of incarceration to be followed by a 3-year term of supervised release, all to be served
consecutively to the 15-month prison term and 24-month supervised release term imposed in *Holley
I*. *United States v. Holley*, No. 2:08-06-WOB (E.D. Ky. 2008) ("*Holley II* ").

The Report indicates that Holley satisfied his federal prison terms on October 22, 2009, and
was released to begin service of his combined 48-month term of supervised release under *Holley I*
and *Holley II*.  However, less than six months later, in April 2010 undercover police officers in
Covington, Kentucky, caught Holley selling crack cocaine on repeated occasions.  On October 21,
2010, Holley was indicted in the Circuit Court of Kenton County, Kentucky, on two counts of
trafficking in crack cocaine.  [R. 1-2, p.3]  The Commonwealth of Kentucky sentenced Holley to a
12-year term of incarceration on the drug charges, and to a consecutive 3-year term arising out of

2

the revocation of his probation on a child support case.  *See Holley II*, R. 33 therein, p. 3.[1]

This conduct formed the basis for revocation of his federal supervised release in both *Holley I* and *Holley II*.  On June 15, 2011, Holley was sentenced to a 15-month term of incarceration in each case without any term of supervised release to follow, with the prison terms to run concurrently with one another but consecutively to his 15-year state prison sentence.  *Holley I*, R. 130 therein; *Holley II*, R. 35 therein.  Holley has been serving his state sentence since his state conviction, and the federal sentencing court has previously expressed its opinion that, in light of budgetary constraints, it is possible if not likely that Kentucky will parole Holley on his first parole eligibility date of July 22, 2013.  *See Holley II*, R. 33, pp. 3-4 therein.

## DISCUSSION

As a threshold matter, the Court must determine whether Holley's filings have properly been docketed as a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, or should have been docketed as motions for post-judgment relief filed pursuant to 28 U.S.C. § 2255 in his criminal cases.  The Court concludes that Holley's request for relief has been properly characterized as falling under § 2241.

While Holley filed this action on a form titled "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus," [R. 1] he also repeatedly indicates that he is also seeking relief under § 2255. [R. 1, p. 4; R. 1-1, p. 1]  Because of the distinct procedural requirements applicable to each of these avenues for relief, they may not be pursued in a single proceeding.  A request for relief under § 2255 must be sought by motion filed in the underlying criminal case in the court where the challenged

---

[1]  *See also* http://apps.corrections.ky.gov/KOOL/ioffres.asp?Inm=260110&Action=Detail&Pagenum=1 (last visited on February 27, 2013).

judgment was imposed, 28 U.S.C. § 2255(a), whereas habeas relief under § 2241 must by sought by petition in an original proceeding filed in the district where the petitioner's legal custodian is located. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

Here, while Holley indicates that he seeks relief under § 2255, he does not challenge the validity of his federal convictions or sentences, but asserts only that he has already satisfied the terms of supervised release imposed.  [R. 1, p. 4; R. 1-1, p. 1]  This claim relates not to the validity of his sentence under § 2255, but only to the calculation of any remaining duration, a claim which falls squarely within § 2241. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 82-84 (2005).  His petition is therefore properly construed as falling under § 2241.[2]

Having determined that preliminary issue, it is clear that Holley's § 2241 petition must be dismissed.  First, Holley has named as respondents Alan Brown, the warden of the Green River Correctional Complex in Central City, Kentucky, where he is currently confined, and the United States.  Brown would be the proper respondent if Holley were challenging his current state confinement.  But in this instance Holley is challenging "a form of 'custody' other than present physical confinement," and therefore "[the proper] respondent [is] the entity or person who exercises legal control with respect to the challenged 'custody'." *Rumsfeld*, 542 U.S. at 439.  Here, Holley's future custody by federal officials will be the consequence of a federal detainer lodged with

---

[2]  Holley's statement that he has "served out" his 60-month prison term and 48-month supervised release term originally imposed in March 2000 [R. 1, p. 3] might be interpreted as a claim that the sentences later imposed in 2005, 2007, 2008, and 2011, for repeatedly violating the terms of his supervised release are somehow invalid, a claim that would fall under § 2255.  If this is the nature of Holley's claim, he must clearly articulate that claim and file it in a formal motion under § 2255 in the applicable criminal case.  The Court notes parenthetically that such a claim would appear to be barred by § 2255(f) as filed more than one year after the June 15, 2011, judgments were entered, but leaves determination on that issue to the sentencing court.

Kentucky authorities. The federal official responsible for lodging that detainer, as opposed to the United States itself, is the only proper respondent. *Cf. Graham v. Brooks*, 342 F. Supp. 2d 256, 261 (D. Del 2004).

The Court assumes that the appropriate federal official would be found within Kentucky, and the Court would therefore not be without jurisdiction to address the petition if Holley named a proper respondent. *See Evans v. United States*, No. 08-cv-3830(JFB), 2010 WL 2026433, at *3 (E.D.N.Y. May 17, 2010) (*citing Devivo v. Mance*, No. 9:08-cv-673(DNH/RFT), 2009 WL 2882937, at *3-4 (N.D.N.Y. July 20, 2009)). However, because Holley is not yet in federal custody, the BOP has not yet determined the unserved portion, if any, of his federal supervised release terms. There is thus considerable doubt whether Holley's claims are ripe for review and therefore justiciable. *Evans*, 2010 WL 2026433, at *4 (*citing Simms v. United States*, No. 08-13-HRW, 2009 WL 3061994, at *5 (E.D.Ky. Sept.21, 2009)). Should, upon his transfer to federal custody, the BOP inform Holley that he remains obligated to serve a term of supervised release following his prison term,[3] he should exhaust his administrative remedies through the BOP's inmate grievance process. If the results are unsatisfactory, Holley's claims would then be ripe and exhausted for judicial review under § 2241.

Accordingly, **IT IS ORDERED** that:

1.      Holley's motion to proceed in forma pauperis [R. 2] is **GRANTED**.

2.      Holley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is

---

[3] As previously noted, the two criminal judgments entered on June 15, 2011, sentenced Holley to two concurrent 15-month federal prison terms without any term of supervised release to follow. *Holley I*, R. 130 therein; *Holley II*, R. 35 therein. It therefore appears that Holley will satisfy his federal obligations upon completion of his 15-month federal prison term.

**DENIED WITHOUT PREJUDICE**.

     3.     Holley's motion to appoint counsel [R. 3] and motion for an evidentiary hearing [R.

4] are **DENIED AS MOOT**.

     4.     The Court will enter an appropriate judgment.

     5.     This matter is **STRICKEN** from the active docket.

This 7th  day of March, 2013..



Signed By:

*William O. Bertelsman*

**United States District Judge**